UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

**DARRELL DARBY,**
      **Petitioner,**

v.                                                             Civil Action No. 04-11271-NG

**KATHLEEN M. DENNEHY,**
      **Respondent**

---

### RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES

The respondent, Kathleen Dennehy, submits this memorandum of law in support of her motion to dismiss the habeas corpus petition filed by Darrell Darby ("petitioner"). As this memorandum explains, the Court should dismiss the suit because the petitioner has failed to exhaust his available state court remedies on each of his claims. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).[1]

### BACKGROUND

In 1997, a Suffolk County grand jury returned indictments charging the petitioner with armed assault with intent to murder (Mass. G.L. c. 265, § 18), assault and battery with a dangerous weapon (Mass. G.L. c. 265, § 15A), possession of a firearm without a license (Mass. G.L. c. 269, § 10(a)), and possession of ammunition without a firearm identification card (Mass. G.L. c. 269, § 10(h)). The defendant was tried before Judge Gershengorn and a Suffolk Superior Court jury from January 3, 2001 through January 9, 2001. Judge Gershengorn declared a mistrial

---

[1] Should the Court rule that the petitioner has exhausted his state remedies, the respondent respectfully request thirty days from the date she receives the petitioner's memorandum to file a memorandum on the merits.

2

after the jurors reported a deadlock on January 9.

The petitioner was retried before Judge Spurlock and a jury from February 2 through February 5, 2001. After the jury convicted the petitioner on all four counts, Judge Spurlock sentenced him to a committed, nineteen-to-twenty year state prison term on the armed assault with intent to murder conviction, a committed, concurrent, nine-to-ten year term for the assault and battery with a dangerous weapon conviction, and a committed, concurrent four-to-five year term for unlawful possession of a firearm. After obtaining the petitioner's consent, Judge Spurlock placed the conviction for possession of ammunition without a firearm identification card on file. *See Commonwealth v. Delgado*, 367 Mass. 432, 437-438, 326 N.E.2d 716, 719 (1975) (explaining practice of placing conviction on file).

The petitioner obtained new counsel who filed a brief in the Massachusetts Appeals Court claiming: 1) ineffective assistance of trial counsel for failure to object to the prosecutor's cross-examination of a defense witness's pending criminal charges; and 2) the trial judge erred reversibly by limiting cross-examination as to whether the police considered other suspects. The petitioner supplemented these claims with a *pro se* brief arguing: 1) the judge improperly considered the petitioner's lack of remorse at sentencing; 2) the judge improperly restricted cross-examination of the police concerning whether they considered other suspects; and 3) the prosecutor's closing argument improperly appealed to the sympathies of the jurors and referred to facts not in evidence. The Massachusetts Appeals Court affirmed the convictions in an unpublished, January, 2003, memorandum and order pursuant to its Rule 1:28. *See Commonwealth v. Darby,* 57 Mass. App. Ct. 1106, 782 N.E.2d 48 (2003).

Subsequently, the petitioner's attorney filed a timely application for further appellate

3

review ("alofar") in the Supreme Judicial Court ("SJC"), claiming: 1) ineffective assistance of trial counsel for failing to object to the prosecutor's questioning of a defense witness concerning his pending criminal charges; and 2) improper limitation of defendant's cross-examination "of the victim and other witnesses concerning the possibility of other perpetrators who may have committed the crime." The SJC denied his alofar on April 2, 2003. *See Commonwealth v. Darby*, 439 Mass. 1102, 786 N.E.2d 394 (2003).

The petitioner then filed a *pro se* alofar on April 25, 2003, which the SJC treated as a motion for reconsideration, claiming relief was appropriate because: 1) the sentencing judge considered the petitioner's lack of remorse when fashioning the sentence; and 2) the Massachusetts Appeals Court wrongly upheld the lower court's restriction on his cross-examination of the police concerning whether they knew he was a gang member, whether he "was associated with a known member" of a gang, and whether the victim was shot by another person. The SJC denied this motion on June 5, 2003.

On June 7, 2004, the petitioner filed his federal habeas corpus petition raising the following claims: 1) the trial judge violated his right to a fair and impartial tribunal by considering his lack of remorse when determining the sentence; 2) the trial judge improperly restricted cross-examination of the Commonwealth's witnesses as to whether another rival gang had shot the victim, whether the defendant was part of the gang alleged to have shot the victim, and whether the defendant "was a known associate of the gang identified as being responsible for shooting the victim"; 3) ineffective assistance of trial counsel for failing to object to the prosecution's questioning of a defense witness about pending criminal charges, the trial court's use of his lack of remorse at sentencing, and not pressing a double jeopardy claim based upon

4

retrial after a hung jury; and 4) ineffective assistance of appellate counsel for failing to press a double jeopardy claim based upon retrial after a hung jury. This Court should dismiss the petition for the reasons set forth below.

**ARGUMENT**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. ___, 124 S. Ct. 1347, 1349 (2004) (internal quotations omitted); *Adelson v. Dipaolo*, 131 F.3d 259, 261 (1st Cir. 1997). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491 (1973)). It also prevents piecemeal litigation and "promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Duncan v. Walker*, 533 U.S. 167, 179-180 (2001) (internal quotations omitted). In short, "[s]ection 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourages litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions as soon as possible." *Duncan*, 533 U.S. at 181 (emphasis in original). The Supreme Court's interpretation of the doctrine "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose*, 455 U.S. at 520.

The petitioner acknowledges that he failed to heed this instruction as he did not present

5

his claims regarding ineffective assistance of trial and appellate counsel, for failing to press double jeopardy arguments, in either of the state courts. *See* Habe Pet. ¶ 13. He did, however, present his claims concerning the judge's consideration of his lack of remorse in sentencing, the limitation of the defendant's cross-examination, and trial counsel's purported ineffective assistance for failing to object to the prosecution's cross-examination of a defense witness. Consequently, he has presented a "mixed" petition to this Court, *see, e.g., Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) ("mixed" petition contains both exhausted and unexhausted claims), which, under the circumstances of this case, ought to be dismissed.

> **A.     This Court Should Dismiss the Petition Or, in the Alternative, Order the Petitioner to Amend His Petition to Present Only Those Claims Which He Has Exhausted.**

In light of the interplay between *Rose* and AEDPA's statute of limitations, many courts, the First Circuit included, have adopted so-called "stay-and-abeyance" procedures. These procedures permit a district court to stay the case while the petitioner returns to state court to exhaust his claims if there is a "'realistic danger that a second petition, filed after exhaustion has occurred, will be untimely.'" *See Nowaczyk v. Warden*, 299 F.3d 69, 79 (1st Cir. 2002) (quoting *Delaney v. Matesanz*, 264 F.3d 7, 13 n.5 (1st Cir. 2001); *see also Pliler v. Ford*, 542 U.S. ___, 124 S. Ct.2441, 2004 WL 1373174 (2004)[2] (Breyer, J., dissenting) (collecting cases).[3] In this case, dismissal of the petition is nevertheless appropriate for the following reasons.

---

[2] As of this date, pin point citations are unavailable for this case. For the petitioner's convenience, the respondent has provided him with a copy of this case.

[3] The respondent maintains that the use of a stay is inconsistent with the strict time limits established by AEDPA's statute of limitations, *see* 28 U.S.C. § 2244(d), and with the interests of finality that underline the entire statutory scheme. *See Duncan v. Walker*, 533 U.S. 167, 178-179 (2001).

6

First, there is no realistic danger that a second petition, filed after exhaustion has occurred, will be untimely. This is so because the petitioner's conviction did not become final until July 2, 2003, *see* 28 U.S.C. § 2244(d)(1)(A); *Neverson*, 366 F.3d at 63 (conviction becomes final after ninety-day period for seeking certiorari expires), and the statute of limitations was stayed from April 25, 2003 through June 5, 2003. *See* 28 U.S.C. § 2244(d)(2). Thus, the petitioner has forty-one days from July 2, 2004, *i.e.* until August 12, 2004 before AEDPA's statute of limitations expires.[4] Since the filing of a state motion for collateral relief stays the statute of limitations, *see* § 2244(d)(2), and since the petitioner is obviously cognizant of deadlines,[5] there is no realistic possibility that a second petition will not be timely filed.

Second, a stay, like equitable tolling, is a "narrow safety valve," *Brackett v. United States*, 270 F.3d 60, 67 (1st Cir. 2001), *cert. denied*, 535 U.S. 1003 (2002) (analyzing § 2254 habeas cases), and should be used only in "exceptional circumstances." *Cf. Neverson*, 366 F.3d at 40 (discussing when equitable tolling is appropriate). There is noting exceptional about this case. Even if the Court credits the petitioner's claim that the SJC waited a year before notifying him of its denial of his *pro se* alofar, *see* Habe Pet. ¶ 13, he still has ample time to return to state court and present his double jeopardy claims.[6] Entering a stay in such a routine case would eviscerate

---

[4] Of course, the statute runs while the petition is pending in the federal court. *See Duncan*, 533 U.S. at 178.

[5] *See, e.g.*, Habe. Pet. at ¶ 13 (explaining failure to exhaust claims caused in part by federal court deadline).

[6] It is worth noting that the petitioner's double jeopardy claims are premised on the notion that it is unconstitutional to retry a defendant after a hung jury. This notion is incorrect as a matter of law. *Richardson v. United States*, 468 U.S. 317, 324 (1984) (and cases cited) ("we have consistently adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause."); *see A Juvenile v. Commonwealth*, 392 Mass. 52, 55, 465 N.E.2d 240,

7

the purpose of the statute of limitations and frustrate Congress's concern for the finality of convictions. *See Brackett*, 270 F.3d at 67; *Neverson*, 366 F.3d at 42. Thus, a stay is not appropriate here.

Third, it is unclear whether AEDPA permits a stay in any case involving a mixed petition. *See Pliler*, 124 S. Ct. 2441, 2004 WL 1373174 (declining to address "the propriety of this stay-and-abeyance procedure" even where petitioner had only five days remaining before statute of limitations ran); *Rhines v. Weber*, Supreme Court No. 03-9046 (granting certiorari to resolve this issue). As argued above, in this case, there is no concern that dismissing the petition will result in the petitioner's unexhausted claims going unheard by virtue of the statute of limitations. Thus, there is no equitable reason to issue an order which may be contrary to the law. Consequently, this Court should dismiss the petition, or, in the alternative, order the petitioner to amend his petition so as to present only those claims that he has exhausted. *See, e.g., Nowaczyk*, 299 F.3d at 75 (citing *Rose*, 455 U.S. at 510).

      **B.    If the Court Does Stay the Case, It Should Condition the Stay to Ensure The Petitioner Exercises Reasonable Diligence When Exhausting His Claims.**

In *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert denied. sub nom Fischer v. Zarvela*, 534 U.S. 1015 (2001), the Second Circuit "recognize[d] . . . that a stay, unless appropriately conditioned, could permit a habeas petitioner to take an undue amount of time to pursue state court remedies." *Id.* at 380. To ensure this does not occur, the Second Circuit instructed the District Courts to "explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court

---

243 (1984).

8

within a similar brief interval, normally 30 days after state court exhaustion is completed." *Id.* at 381.  If this Court opts to stay this case, it should issue a similar order to ensure the petitioner exercises reasonable diligence when exhausting his claim.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the habeas corpus petition without prejudice, or, in the alternative, order the petitioner to amend his petition so that it presents only those claims which he has exhausted.

    Respectfully submitted,

    THOMAS F. REILLY
    ATTORNEY GENERAL

    /s/ Daniel I. Smulow
    Daniel I. Smulow, BBO # 641668
    Assistant Attorney General
    Criminal Bureau
    One Ashburton Place
    Boston, MA 02108
    (617) 727-2200, ext. 2949

Dated: July 12, 2004

### Certificate of Service

I hereby certify that a true copy of the above document was served on Darrell Darby, W-69118, Old Colony Correctional Center, 1 Administrative Road, Bridgewater, MA 02324, by first class mail, postage prepaid, on July 12, 2004.

    /s/ Daniel I. Smulow