

# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

December 3, 2004

The Honorable Nancy Gertner
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

    Re:   ***Darby v. Hall***
             **No. 04-11271-NG**

I write concerning the Court's order of December 1, 2004, in the above-referenced case. Although the order is favorable to my client, the respondent, after reviewing the pleadings in this case, it appears that the order may have issued due to an administrative oversight.

On July 12, 2004, the respondent moved this Court to dismiss the petitioner's mixed petition, or in the alternative, to order the petitioner to present only those claims which he had previously exhausted in state court. Subsequently, on October 6, 2004, this Court entered a procedural order employing the stay-and-abeyance procedure as described in *Nowaczyk v. Warden*, 299 F.3d 69 (1st Cir. 2002), under which the petitioner's unexhausted claims were dismissed without prejudice and his exhausted claims were stayed. As part of that order, the Court also directed petitioner to seek to exhaust his unexhausted claims in state court within thirty days and notify the Court that he had done so.

On December 1, 2004, this Court issued an order lifting the stay on the petitioner's remaining habeas corpus claims due to the petitioner's purported failure to comply with this Court's October 6, 2004, order. However, documents that undersigned counsel received from the

The Honorable Nancy Gertner
December 3, 2004
Page 2 of 2

petitioner, as well as docket sheets from the Suffolk Superior Court reflect that the petitioner did

in fact comply with both aspects of the order, *i.e.* he sought to exhaust his unexhausted claims in

state court, and wrote to the Clerk of this Court indicating he had done so.  Attached to this letter

are the documents that undersigned counsel received from the petitioner, as well as an updated

docket sheet from the Suffolk Superior Court.

In light of the apparent administrative oversight that resulted in the Court's December 1,

2004, order, fairness requires the respondent to draw this matter to the Court's attention.

Very truly yours,

Daniel I. Smulow
Assistant Attorney General

DIS/fhs

enclosures

cc      Darrell Darby (with enclosures)

November 6, 2004

U.S. District Court
Pro Se Clerk's Office
1 Courthouse Way, Ste 2500
Boston, MA 02108

Re:   ***Darby v. Hall,***
      *U.S.D.C. No. 04-11271-NG*

Dear Clerk:

Enclosed for filing please find Petitioner's MOTION FOR NEW TRIAL,

and certificate of service.

Thank you for your time and attention to this matter.

Sincerely,

Darrell Darby, *pro se*
1 Administration Road
Bridgewater, MA 02324

Encl.

cc:   Daniel I. Smulow, *AAG*

November 6, 2004


John A. Nucci, Clerk
Suffolk Superior Court
Criminal Department
90 Devonshire Street
Boston, MA 02109

Re:    ***Commonwealth v. Darby,***
       ***SUCR97-10323***

Dear Clerk:


Enclosed for filing please find the Defendant's Pro Se Motion for New Trial and Affidavit in support thereof, and certificate of service.

Thank you for your time and attention to this matter.




Sincerely,

Darrell Darby, *pro se*
1 Administration Rd
Bridgewater, MA 02324



cc:    Robert Tochka, ADA

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS.**

**SUPERIOR COURT
CRIMINAL TRIAL DEPT.
NO. SUCR97-10323**

## COMMONWEALTH

## VS.

## DARRELL DARBY

## MOTION FOR NEW TRIAL

Pursuant to Mass. R. Crim. P. Rule 30(b), the Defendant Darrell Darby, *pro se*, moves this Honorable Court grant him a new trial.

## STATEMENT OF PROCEEDING

On February 1, 1997, the grand jury for Suffolk County returned four indictments, charging defendant with armed assault with intent to murder, assault and battery with a dangerous weapon, illegal possession of ammunition and a firearm. Trial commenced of January 1, 2001, and concluded on January 8, 2001, in a mistrial. On February 1, 2001, the second trial commenced, and concluded on Fedruary 5, 2001, with the jury having found the defendant guilty on all counts. The defendant was sentenced accordingly and an appeal was properly taken before the Appeal Court.

On January 28, 2003, the Appeals Court affirmed the defendant's conviction. Thereafter, the defendant sought further appellate review which was denied, on April 20, 2003.

The defendant herein now seeks a new trial based on counsel's ineffective assistance at trial and on appeal.

## STATEMENT OF FACT

At the preemptive conclusion of the mistrial being declared, the court did not allow the jury to further deliberate to produce a fair verdict. In fact, within, three and half hours after sending the jury out for deliberation court had concluded until 9 am the next day. The jury returned and deliberated until approximately 4 pm, and were unable to reach a decision on guilt or innocence. The court's reason for declaring a mistrial for the jury's inability to reach a conclusive decision was not completely unclear and was in part due to the lack of evidence presented by the Commonwealth, as to how the Commonwealth came to learn only the defendant's name as the shooter, this was the question presented by the jury before the mistrial was delcared. Mistrial based in whole, or in part, in this regard a second trial is precluded by the Double Jeopardy Clause.

Hence, trial counsel's failure to press and pursue such a claim was ineffective, as it was likely to have denied the defendant a substantial ground for defense to being tried twice for the same offense which lacked crucial evidence

In the instant case, trial counsel was faced with the situation of the court declaring a mistrial after roughly eight hours of deliberation over a two day period. Preemptive to such mistrial the jury had came back with the question, how did the Commonwealth come to learn the defendant's name as being the shooter. It could be reasonably inferred that the Commonwealth failed to prove this crucial elements, coupled with circumstantial evidence of the defendant's involvement brought about the impasse. If true, the declaration of a mistrial would have been improper,[1] as it would have been to allow the Commonwealth to present addition evidence, it did not present at first. Double Jeopardy Clause "precludes retrial where the State has failed as a matter of law to prove its case despite a fair opportunity to do so." *Richardson v. U.S.*, 468 U.S. 317, 327-328 (1984), quoting *Hudson v. Louisiana*, 450 U.S. 40, 45, n.5 (1981). See *Arizona*, 434 U.S., at 508 ( "The stricter scrunity is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence" ). *Cf. Burks*, 437 U.S., at 11 ( "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." ).

---

[1]    Trial judge would have abused her discretion by declaring a mistrial sua sponte, protect the Commonwealth's case rather than the defendant. *U.S. v. Jorn*, 400 U.S. 470, 482-485 (1971).

Thus, given the jury had deliberated for approximately eight hours and the Commonwealth, fearful of an adverse verdict, had persuaded the trial judge to discharge the jury before it could fairly be said that they were deadlock, when there was no "manifest necessity," see *Arizona*, 434 U.S., at 505-508, the defendant suggest that "the mistrial order was itself tantamount ot an acquittal that terminated the first jeopardy." *Richardson*, 468 U.S., at 335. The jeopardy an experienced trial counsel should have defended against. See *Commonwealth v. Saferian*, 366 Mas.. 89, 96 (1974). The failure to raise this claim was not a reasonable tactical decison, tantamount to being ineffective. See *Commonwealth v. Azar*, 435 Mass. 675, 687-688 (2002). See, *e.g.*, *Prou v. U.S.*, 199 F.3d 37 (1st cir. 1999)( counsel's failure to put the State's case to an adversarial test, constitutes ineffective assistance ); *United States v. Cronic*, 466 U.S. 648 (1984)( Trial counsel's failure to subject the prosecution's case to a meaningful adversary testing process may constitute a denial of due process and establish a per se violation of defendant's right to effective assistance of counsel ).

Therefore, the defendant is entitled to a new trial and enter the judgment of acquittal on Double Jeopardy grounds.

**II.    APPELLATE COUNSEL WAS INEFFECTIVE BY FAILING TO RAISE TRIAL COUNSEL'S INEFFECTIVENESS IN POST-CONVICTION MOTION FOR NEW TRIAL**

As a matter of right the defendant is entitled to effective assistance of appellate counsel on direct appeal. See *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the defendant must normally demonstrate (1) that his "counsel's representation fell below an objective standard of reasonableness "in light of the prevailing professional norms, *Strickland*, 466 U.S., at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694. See *Smith v. Robbins*, 528 U.S. 529 (2000).

In applying this test to claims of ineffective assistance of counsel on appeal, however, reviewing court must accord appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th cir. 1993).  Appellate counsel is not obligated to assert all nonfrivolous issues on appeal, as "there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

Here, undoubtably the pursuit of the defendant's claim of a Double Jeopardy

violation was not a tactical decision for the reasons argued above. Thus, appellate counsel's performance amounted to ineffecfive assistance on appeal, by failing to raise such claim in motion for new trial, and by such failure entitiles the defendant to a new trial.

## CONCLUSION

Wherefore, Defendant request this court *Grant* him a New Trial and an Evidentiary Hearing on the original trial proceedings.

Respectfully submitted,
By the Defendant

Darrell Darby, *pro se*
1 Administration Rd
Bridgewater, MA 02324

Dated: 6 Nov 04

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CRIMINAL TRIAL DEPT.
NO. SUCR97-10323

## COMMONWEALTH

### VS.

## DARRELL DARBY

### CERTIFICATE OF SERVICE

I, hereby certify that I have caused the foregoing MOTION FOR NEW TRIAL to be served upon the Assistant District Attorney, on this _6_ day of November, 2004.

Darrell Darby, *pro se*
1 Administration Rd
Bridgewater, MA 02324

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CRIMINAL TRIAL DEPT.
NO. SUCR97-10323

COMMONWEALTH

VS.

DARRELL DARBY

AFFIDAVIT IN SUPPORT OF NEW TRIAL MOTION

I, Darrell Darby, do hereby depose and state:

1.    I am this defendant in the above caption matter.

2.    On February 1, 1997, I was indicted for armed assault with intent to murder, assault and battery with a dangerous weapon, illegal possession of a firearm and ammunition.

3.    Thereafter, the Suffolk Superior Court appointed Attorney John P. Moss, to represent the defendant.

4.    On January 1, 2001, the first trial had commenced, and ended with a mistrial a week later, whereby the jury was unable to reach a unanimous verdict after approximately eight hours of deliberation, and the lack of evidence.

5.    On February 5, 2001, the second trial had commenced and ended in the

defendant being found guilty, after presenting additional evidence.

6.    At no point prior to the second trial did trial counsel challenged the commencement of the second trial as being in violation of the Double Jeopardy Clause, where the Commonwealth failed to present sufficient evidence.

7.    Such claim would have probably succeeded under exception of bad-faith conduct by the judge with the declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict the defendant.

8.    Such a failure likely deprived the defendant of a substantial ground of defense to being retried, resulting in trial counsel's ineffectiveness.

9.    On appeal appellate counsel's failure to raise trial counsel's ineffectiveness denying the defendant effective assistance on appeal.

10.    Hence, a new trial is warranted in the interest of justice to avoid a substantial miscarriage of justice.

Signed under the pains and penalties of perjury on this ___6___ day of November, 2004.


_____

Darrell Darby, pro se
1 Administration Rd
Bridgewater, MA 02324

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
## Case Summary
## Criminal Docket

## Commonwealth v Darby, Darrell

Details for Docket: SUCR1997-10323

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | SUCR1997-10323 | **Caption:** | Commonwealth v Darby, Darrell |
| **Entry Date:** | 02/27/1997 | **Case Status:** | Crim 2 Ctrm 8 - 2 nd Fl. |
| **Status Date:** | 04/14/2003 | **Session:** | Disposed (appeal denied |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 01/23/1998 | **Jury Trial:** | NO |

### Parties Involved

4 Parties Involved in Docket: SUCR1997-10323

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Darby | **First Name:** | Darrell |
| **Address:** | 37 Aspinwall Road | **Address:** | |
| **City:** | Dorchester | **State:** | MA |
| **Zip Code:** | 02124 | **Zip Ext:** | |
| **Telephone:** | | | |
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |
| **Party Involved:** | | **Role:** | Probation officer |
| **Last Name:** | Stillwell | **First Name:** | Sandy J. |
| **Address:** | Chief Probation Officer | **Address:** | Suffolk Superior Court Probatic |

| | | | |
|---|---|---|---|
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02109 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Witness |
| **Last Name:** | Skinner | **First Name:** | Rashawn |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

5 Attorneys Involved for Docket: SUCR1997-10323

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Moss | **First Name:** | John P |
| **Address:** | 675 Massachusetts Avenue | **Address:** | PO Box 390088 |
| **City:** | Cambridge | **State:** | MA |
| **Zip Code:** | 02139 | **Zip Ext:** | |
| **Telephone:** | 617-491-1129 | **Tel Ext:** | |
| **Fascimile:** | 617-876-0780 | **Representing:** | Darby, Darrell (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MA114 |
| **Last Name:** | Tochka | **First Name:** | Robert N |
| **Address:** | ****JUSTICE**** | **Address:** | |
| **City:** | Lynn | **State:** | MA |
| **Zip Code:** | 01901 | **Zip Ext:** | |
| **Telephone:** | | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Baccari | **First Name:** | Alba |
| **Address:** | 316 Central Street | **Address:** | |
| **City:** | Saugus | **State:** | MA |

| | | | |
|---|---|---|---|
| **Zip Code:** | 01906 | **Zip Ext:** | |
| **Telephone:** | 781-233-0909 | **Tel Ext:** | |
| **Fascimile:** | 781-233-1337 | **Representing:** | Darby, Darrell (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | GADS01 |
| **Last Name:** | Neyman | **First Name:** | Eric |
| **Address:** | 225 Franklin Street | **Address:** | 22nd floor |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02110 | **Zip Ext:** | 2811 |
| **Telephone:** | 617-345-7000 | **Tel Ext:** | |
| **Fascimile:** | 617-345-7050 | **Representing:** | |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | SUFF03 |
| **Last Name:** | Daly | **First Name:** | Rosemary |
| **Address:** | 1 Bulfinch Place | **Address:** | 3rd floor |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02114 | **Zip Ext:** | |
| **Telephone:** | 617-619-4000 | **Tel Ext:** | 4070 |
| **Fascimile:** | | **Representing:** | |

## Calendar Events

59 Calendar Events for Docket: SUCR1997-10323

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 02/05/1998 | 09:30 | Conference: Pre-Trial | 1 | |
| 2 | 03/04/1998 | 09:30 | Conference: Pre-Trial | 1 | |
| 3 | 04/13/1998 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 4 | 05/14/1998 | 09:30 | Hearing: Motion | 1 | |
| 5 | 05/28/1998 | 09:30 | Hearing: Motion | 1 | |
| 6 | 06/03/1998 | 09:30 | Conference: Status Review | 1 | |
| 7 | 07/16/1998 | 09:30 | Hearing: Motion | 1 | |
| 8 | 10/09/1998 | 09:30 | Conference: Status Review | 1 | |
| 9 | 11/05/1998 | 09:30 | Hearing: Motion | 1 | |
| 10 | 11/16/1998 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 11 | 12/21/1998 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 12 | 02/09/1999 | 09:30 | Hearing: Motion | 1 | |

| 13 | 04/07/1999 | 09:30 | Conference: Status Review | 1 | |
| 14 | 04/14/1999 | 09:30 | Hearing: Motion | 1 | |
| 15 | 05/05/1999 | 09:30 | Conference: Status Review | 1 | |
| 16 | 06/02/1999 | 09:30 | Conference: Status Review | 1 | Event held as scheduled |
| 17 | 06/16/1999 | 09:30 | Bail: Review | 1 | Event held as scheduled |
| 18 | 07/20/1999 | 09:30 | Conference: Status Review | 1 | Event held as scheduled |
| 19 | 08/23/1999 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 20 | 09/10/1999 | 09:30 | Hearing: Motion | 1 | Event held as scheduled |
| 21 | 09/16/1999 | 09:30 | Hearing: Motion | 1 | |
| 22 | 09/28/1999 | 09:30 | Hearing: Motion | 1 | |
| 23 | 10/14/1999 | 09:30 | Hearing: Motion | 1 | |
| 24 | 10/26/1999 | 09:30 | Hearing: Misc Matters | 1 | |
| 25 | 11/15/1999 | 08:30 | Hearing: Motion | CM | Event held as scheduled |
| 26 | 11/15/1999 | 09:30 | Hearing: Motion | 1 | |
| 27 | 11/29/1999 | 09:30 | Status: Review by Session | 1 | Event held as scheduled |
| 28 | 12/13/1999 | 09:30 | Status: Administrative Review | 1 | Event not held--scheduled for ano date |
| 29 | 12/16/1999 | 14:00 | Conference: Trial Assignment | 1 | Event not held--scheduled for ano date |
| 30 | 01/20/2000 | 09:30 | Hearing: Non-eviden-Discovery | CM | Event held as scheduled |
| 31 | 02/07/2000 | 09:30 | Hearing: Misc Matters | CM | Event held as scheduled |
| 32 | 02/28/2000 | 09:30 | Hearing: Non-eviden-Discovery | CM | Event held as scheduled |
| 33 | 03/23/2000 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 34 | 03/28/2000 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 35 | 04/05/2000 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 36 | 04/18/2000 | 09:30 | Conference: Status Review | CM | Event not held--scheduled for ano date |
| 37 | 05/02/2000 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 38 | 05/11/2000 | 09:30 | Conference: Trial Assignment | 1 | Event not held--scheduled for ano date |
| 39 | 05/15/2000 | 09:30 | Conference: Trial Assignment | 1 | Event not held--scheduled for ano date |
| 40 | 07/13/2000 | 09:30 | Conference: Trial Assignment | 1 | Event held as scheduled |
| 41 | 09/11/2000 | 14:00 | TRIAL: by jury | 3 | Event not held--scheduled for ano date |
| 42 | 10/10/2000 | 09:00 | TRIAL: by jury | 3 | Event not held--scheduled for ano date |
| 43 | 10/16/2000 | 09:00 | TRIAL: by jury | 2 | Event not held--scheduled for ano date |
| 44 | 10/16/2000 | 09:00 | TRIAL: by jury | 3 | Event canceled not re-scheduled |
| | | | | | Event not held--scheduled for ano |

| 45 | 10/30/2000 | 09:00 | TRIAL: by jury | 5 | date |
| 46 | 11/14/2000 | 09:00 | Hearing: Motion | 5 | Event held as scheduled |
| 47 | 11/15/2000 | 09:00 | TRIAL: by jury | 5 | Event canceled not re-scheduled |
| 48 | 11/27/2000 | 09:00 | TRIAL: by jury | 5 | Event not held--scheduled for ano date |
| 49 | 12/06/2000 | 09:00 | Status: Review by Session | 5 | Event held as scheduled |
| 50 | 12/18/2000 | 14:00 | TRIAL: by jury | 5 | Event not held--scheduled for ano date |
| 51 | 01/03/2001 | 09:00 | TRIAL: by jury | 5 | Trial begins |
| 52 | 01/04/2001 | 09:00 | TRIAL: by jury | 5 | Event continues over multiple day |
| 53 | 01/05/2001 | 09:00 | TRIAL: by jury | 5 | Event continues over multiple day |
| 54 | 01/08/2001 | 09:00 | TRIAL: by jury | 5 | Event continues over multiple day |
| 55 | 01/09/2001 | 09:00 | TRIAL: by jury | 5 | Trial ends in Mistrial |
| 56 | 01/24/2001 | 09:00 | TRIAL: by jury | 5 | Event not held--scheduled for ano date |
| 57 | 01/29/2001 | 09:00 | TRIAL: by jury | 5 | Event not held--scheduled for ano date |
| 58 | 02/05/2001 | 09:00 | TRIAL: by jury | 2 | Event held as scheduled |
| 59 | 02/08/2001 | 09:00 | Hearing: Sentence Imposition | 2 | Event held as scheduled |

## Full Docket Entries

345 Docket Entries for Docket: SUCR1997-10323

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 02/12/1997 | | Case opened to issue docket# to grand jury |
| 02/27/1997 | 1 | Indictment returned |
| 02/27/1997 | 2 | Motion by Commonwealth for arrest warrant to issue; filed & allowed |
| 02/27/1997 | 2 | (Regina L Quinlan, Justice) |
| 02/27/1997 | | Warrant on indictment issued via WMS #45014. |
| 10/15/1997 | | Filed to locate pending service |
| 01/22/1998 | | Brought into Court. Warrant recalled via WMS. |
| 01/22/1998 | | Committee for Public Counsel Services appointed |
| 01/22/1998 | | Deft arraigned before Court |
| 01/22/1998 | | Deft waives reading of indictment |
| 01/22/1998 | | RE offense 1: Plea of not guilty |
| 01/22/1998 | | RE offense 2: Plea of not guilty |
| 01/22/1998 | | RE offense 3: Plea of not guilty |
| 01/22/1998 | | RE offense 4: Plea of not guilty |
| 01/22/1998 | | Bail set: $100,000.00 cash bail without prejudice. Bail warning read. |

| | | |
|---|---|---|
| 01/22/1998 | | Mittimus issued. Wilson, AC/M - D. Bennett, ADA - P. Pietrella, Court |
| 01/22/1998 | | Reporter - A. Soares, Attorney |
| 01/22/1998 | | Warrant cancelled via WMS. |
| 02/03/1998 | | Hospital records from Boston Medical Center; re: Atty. Stephanie |
| 02/03/1998 | | Page. |
| 03/12/1998 | | Hospital records from Boston Medical Center returned/Atty.S.Paige |
| 04/13/1998 | | Brought into court. Defendant's oral motion for reduction of bail, |
| 04/13/1998 | | after hearing denied. |
| 04/13/1998 | 3 | Pre-trial conference report filed. Donovan, RAJ - D. Bennett, ADA - |
| 04/13/1998 | 3 | D.. McLean, Court Reporter - S. Page, Attorney. |
| 05/14/1998 | | Defendant not in court. |
| 05/14/1998 | 4 | Deft files motion for court order for emergency medical services |
| 05/14/1998 | 4 | reports and affidavit in support. |
| 05/14/1998 | 5 | Deft files motion for list of potential witnesses and their criminal |
| 05/14/1998 | 5 | records. |
| 05/14/1998 | 6 | Deft files non-evidentiary motion for discovery. |
| 05/14/1998 | 7 | Deft files motion for exculpatory evidence - whether the names of the |
| 05/14/1998 | 7 | complaint or the defendant are contained in any Boston Police and/or |
| 05/14/1998 | 7 | Suffolk prosecutor's list of suspected "gang" members and memorandum. |
| 06/03/1998 | | Deft not in Court. Hearing re: paper #7 |
| 06/03/1998 | 8 | Attorney for BPD files opposition to deft's motion for exculpatory |
| 06/03/1998 | 8 | evidence regarding gang listinformation |
| 06/03/1998 | 9 | Deft files supplemental affidavit in support of deft's motion for |
| 06/03/1998 | 9 | excilpatory evidence whether the names of the complianant or the deft |
| 06/03/1998 | 9 | are contained in any Boston police and/or Suffolk prosecutors list of |
| 06/03/1998 | 9 | suspected gang members. |
| 06/03/1998 | | Motion (P#7) allowed as endorsed. See motion |
| 06/03/1998 | | Motion (P#5) allowed. King, J - D. Bennett, ADA - D. Pratt, Court |
| 06/03/1998 | | Reporter - S. Prosinty, BPD Attorney - S. Page, Attorney for deft |
| 07/16/1998 | 10 | Deft files: Motion to suppress identification and affidavit. |
| 07/16/1998 | 11 | Deft files: Motion for non-suggestive identification procedure |
| 07/16/1998 | 11 | identification hearing with affidavit. |
| 07/16/1998 | 12 | Deft files: Motion for leave to be allowed to submit a substantive |
| 07/16/1998 | 12 | memorandum of law in support of the defendant's motion to suppress |
| 07/16/1998 | 12 | any identifications of the defendant and affidavit in support. |
| 08/25/1998 | | Defendant not in court. |
| 08/25/1998 | 13 | Withdrawal of appearance filed by Stephanie Page. |
| 08/25/1998 | | Motion (P#13 ) allowed. |
| 08/25/1998 | | Appointment of Counsel Moss Jr. White, J. - D. Bennett, ADA - D. |
| 08/25/1998 | | McLean, Court Reporter - S. Page, Attorney. |
| 11/16/1998 | | Defendant not in Court |

| 11/16/1998 | 14 | Deft files motion for funds for investigation |
| 11/16/1998 |  | Motion (P#14) allowed up to $750.00. Wilson, AC/M - J. Correia, ADA - |
| 11/16/1998 |  | D. Cullinan, Court Reporter. |
| 12/21/1998 |  | Defendant not in Court |
| 12/21/1998 | 15 | Deft files motion for funds for expert assistance. |
| 12/21/1998 |  | Motion (P#15) allowed as endorsed. (Walsh, AC/M) J. Correia, ADA - P. |
| 12/21/1998 |  | Pietrella, Court Reporter - J. Moss, Attorney |
| 06/09/1999 | 16 | Defendant files: Motion for review of bail. |
| 06/16/1999 |  | Brought into Court |
| 06/16/1999 |  | Motion (P#16 ) denied after hearing. |
| 06/16/1999 | 17 | Deft files motion for criminal records. |
| 06/16/1999 |  | Motion (P#17 ) allowed. Donovan, RAJ - E. Neyman, ADA - D. McLean, |
| 06/16/1999 |  | Court Reporter - J. Moss, Attonrey |
| 07/20/1999 |  | Defendant not in Court |
| 07/20/1999 | 18 | Deft files: Motion to inspect exculpatory and identification |
| 07/20/1999 | 18 | evidence. Walsh, AC/M - E. Neyman, ADA - D. McLean, Court Reporter - |
| 07/20/1999 | 18 | J. Moss, Attorney |
| 08/23/1999 |  | Defendant not in Court |
| 08/23/1999 | 19 | Deft files: Motion for service of process with affidavit in support. |
| 08/23/1999 |  | Motion (P#19) allowed. Ford, J. - P. Curran, ADA - D. McLean, Court |
| 08/23/1999 |  | Reporter - J. Moss, Attorney |
| 08/23/1999 |  | Process issued |
| 09/10/1999 |  | Defendant not in Court. |
| 09/10/1999 | 20 | Boston Police Department's motion to Quash Subpoena for Gang |
| 09/10/1999 | 20 | Information, filed. Fabricant, J. - R. Tochka, ADA - M. Wrighton, |
| 09/10/1999 | 20 | Court Reporter - J. Moss, Attorney. |
| 09/16/1999 |  | Defendant not in Court. Hearing re: paper #20. |
| 09/16/1999 |  | Continued until 09/21/99 for further hearing. (Judith Fabricant, |
| 09/16/1999 |  | Justice) J. Nasel for Boston Police - D. McLean, Court Reporter - J. |
| 09/16/1999 |  | Moss, Attorney |
| 09/21/1999 |  | Defendant not in Court. |
| 09/21/1999 |  | Motion (P#20) denied. Order stayed until 09/28/99. (Judith Fabricant, |
| 09/21/1999 |  | Justice) R. Tochka, ADA - D. McLean, Court Reporter - J. Moss, |
| 09/21/1999 |  | Attorney. |
| 10/14/1999 |  | Defendant not in court. Hearing on defendant's oral motion to request |
| 10/14/1999 |  | a hearing on defendant's motion to suppress paper #10 or to have a |
| 10/14/1999 |  | Dougan hearing after hearing defendant's oral motion to have hearing |
| 10/14/1999 |  | on paper #10 is denied, but court allowed defendant to have a limited |
| 10/14/1999 |  | Dougan hearing where defendant will be entitled to examined the basic |
| 10/14/1999 |  | upon which police put defendant's photo in array. |
| 10/14/1999 | 21 | Affidavit of attorney Moss, filed. Grasso, J. - R. Vicchard, ADA - K. |

| | | |
|---|---|---|
| 10/14/1999 | 21 | Canty, Court Reporter - J. Moss, Attorney. |
| 10/26/1999 | | Brought into court. Defendant's motion to suppress identification re: |
| 10/26/1999 | | photo array after hearing reference record. McDaniel, J. - R. Tochka, |
| 10/26/1999 | | ADA - J. Gibbs, Court Reporter - J. Moss, Attorney. |
| 11/05/1999 | 22 | Deft files: Motion for transcription of testimony. Grasso,J - |
| 11/05/1999 | 22 | notified w/copy |
| 11/15/1999 | 23 | Deft files motion for service of process. |
| 11/15/1999 | | Defendant not in Court. |
| 11/15/1999 | 24 | Deft files further motion for exculpatory and identification |
| 11/15/1999 | 24 | evidence. Wilson, AC/M - R. Tochka, ADA - L. Busa, Court Reporter - |
| 11/15/1999 | 24 | J. Moss, Attorney. |
| 11/15/1999 | | Motion (P#23) allowed as endorsed. |
| 11/15/1999 | | Summons to issue. |
| 11/15/1999 | | Motion (P#22) allowed. McDaniel, J. (notified 11/17/99) |
| 11/17/1999 | | process issued |
| 11/29/1999 | | Motion (P#24) allowed in part and denied in part. Ball, J. - R. |
| 11/29/1999 | | Tochka, ADA - D. McLean, Court Reporter - J. Moss, Attorney. |
| 02/07/2000 | | Defendant not in court. Motions to be filed by 2/22/2000. Wilson, |
| 02/07/2000 | | AC/M - R. Tochka, ADA - C. Smith, Court Reporter - J. Moss, Attorney. |
| 02/22/2000 | 25 | Deft files : Motion for service of Process 1 |
| 02/22/2000 | 26 | Deft files : Motion for service of Process II |
| 02/22/2000 | 27 | Deft files : Motion for criminal records 1 |
| 02/22/2000 | 28 | Deft files : Motion for criminal records II |
| 02/22/2000 | 29 | Deft files : Motion for criminal records III |
| 02/22/2000 | 30 | Deft files : Motion for inspection of Ballistic's reports. |
| 02/22/2000 | 31 | Deft files : Motion for disclosure of identification procedure. |
| 02/28/2000 | | Defendant not in court. |
| 02/28/2000 | | Motion (P#25) allowed as endorsed. |
| 02/28/2000 | | Motion (P#26) allowed as endorsed. |
| 02/28/2000 | | Motion (P#27) allowed. |
| 02/28/2000 | | Motion (P#28) allowed. |
| 02/28/2000 | | Motion (P#29) allowed. |
| 02/28/2000 | | Motion (P#30) allowed. |
| 02/28/2000 | | Motion (P#31) allowed. Wilson, AC/M- R. Tochka, ADA - C. Smith, Court |
| 02/28/2000 | | Reporter - J. Moss, Attorney. |
| 02/29/2000 | | Summons issued |
| 05/03/2000 | | Defendant not in court. |
| 05/03/2000 | 32 | Deft files motion for funds for expert assistance. |
| 05/03/2000 | | Motion (P#32) allowed up to $1,500.00 cash. Wilson, AC/M - R. Tochka, |
| 05/03/2000 | | ADA - N. King, Court Reporter - J. Moss, Attorney. |
| 07/03/2000 | 33 | Deft files motion for funds for investigation. |

| 07/03/2000 |    | Motion (P#33) allowed. |
| 07/03/2000 | 34 | Deft files motion for service process. |
| 07/03/2000 |    | Motion (P#34) allowed. |
| 07/03/2000 | 35 | Order, filed. Records to be delivered to Clerk's office by 7/12/2000. |
| 07/03/2000 | 35 | Lopez, J. |
| 07/03/2000 |    | Summons issued re: P#34. |
| 07/11/2000 |    | Hospital records from Spaulding Rehabilitation Hospital received, per |
| 07/11/2000 |    | order of the court. |
| 07/20/2000 |    | Hospital records from Spaulding returned to John Moss, Attorney. |
| 10/17/2000 |    | Brought into Court - After hearing, continued to 10/30/00 for trial |
| 10/17/2000 |    | by order of Court. McHugh, J. - R. Tochka, ADA - J. Moss, Attorney - |
| 10/17/2000 |    | M. Wrighton, Courrt Reporter |
| 10/17/2000 |    | Brought into Court - After hearing, continued to 10/30/00 for trial |
| 10/17/2000 |    | by order of Court - McHugh, J. - R. Tochka, ADA - J. Moss, Attorney - |
| 10/17/2000 |    | M. Wrighton, Court Reporter |
| 10/31/2000 |    | Brought into Court - continued to 11/14/00 9:00 A.M. hearing on |
| 10/31/2000 |    | motion in limine. McHugh, J. - R. Tochka, ADA - J. Moss, Attorney - |
| 10/31/2000 |    | M. Wrighton, Court Reporter |
| 11/14/2000 |    | Brought into Court |
| 11/14/2000 | 36 | Deft files motion in limine. |
| 11/14/2000 |    | Motion (P#36 motion in limine) denied without prejudice. |
| 11/14/2000 | 37 | Deft files motion for names and addresses of witnesses. |
| 11/14/2000 |    | Motion (P#37 motion for names and addresses) allowed (James F. |
| 11/14/2000 |    | McHugh, Justice) |
| 11/14/2000 | 38 | Deft files motion for service of process. |
| 11/14/2000 |    | Motion (P#38 motion for service) allowed (James F. McHugh, Justice) - |
| 11/14/2000 |    | R. Tochka, ADA - J. Moss, Attorney - M. McDonald, Court Reporter |
| 11/15/2000 | 39 | ORDER of McHugh, J. filed. |
| 11/15/2000 | 40 | Deft files motion to inspect statements. |
| 11/15/2000 |    | Motion (P#40 motion to inspect) allowed (James F. McHugh, Justice) |
| 11/15/2000 | 41 | Deft files moltion for funds for investigation. |
| 11/15/2000 |    | Motion (P#41 motion for funds) allowed (James F. McHugh, Justice) |
| 11/15/2000 |    | (The court previously indicated on 11/14/00 it would allow each |
| 11/15/2000 |    | motion when reduced to writing.) |
| 11/17/2000 |    | Defendant not in Court - Hearing re: status. Continued to trial date. |
| 11/17/2000 |    | McHugh, J. - R. Tochka, ADA - J. Moss, Attorney |
| 11/29/2000 |    | Brought into Court |
| 11/29/2000 | 42 | Deft files motion to inspect statement of witnesses. |
| 11/29/2000 |    | Motion (P#42 motion to inspect statements) allowed as endorsed |
| 11/29/2000 |    | thereon. |
| 11/29/2000 | 43 | Deft files motion for postponement. |

| | | |
|---|---|---|
| 11/29/2000 | | Motion (P#43 motion for postponement) allowed (James F. McHugh, |
| 11/29/2000 | | Justice) |
| 11/29/2000 | 44 | Affidavit of Attorney John Moss filed. McHugh, J. - R. Tochka, ADA - |
| 11/29/2000 | 44 | J. Moss, Attorney - M. McDonald, Court Reporter |
| 12/14/2000 | | Hearing with counsel in lobby. |
| 12/14/2000 | 45 | Deft files Motion for Funds |
| 12/14/2000 | | Motion (P#45) allowed in an amount not to exceed $7,500.00 dollars. |
| 12/14/2000 | | (James F. McHugh, Justice) R. Tochka, ADA - J. Moss, Attorney |
| 12/14/2000 | | Court (McHugh, J.) orders Witness Sherrod Fernandez committed to the |
| 12/14/2000 | | Common Jail on a mittimus for safe-keeping. |
| 12/18/2000 | 46 | Brought into Court. Deft files: Motion in Limine and Memorandum of |
| 12/18/2000 | 46 | Law in support thereof. |
| 12/18/2000 | | Motion (P#46) allowed in part; denied in part (See Record). |
| 12/18/2000 | 47 | Deft files: Requested Questions to be Proposed to Potential Jurors. |
| 12/18/2000 | | Commonwealth moves for trial as to Offenses 001 through 004. The |
| 12/18/2000 | | Court, McHugh, J. orders jury of fourteen (14) members impanelled for |
| 12/18/2000 | | trial. Jury impanelled but not sworn. Continued to December 19, 2000 |
| 12/18/2000 | | for trial. McHugh, J. - R. Tochka, ADA - M. MacDonald, Court Reporter |
| 12/18/2000 | | - J. Moss, Attorney |
| 12/18/2000 | | Brought into Court. Hearing, before McHugh, J. as to availability of |
| 12/18/2000 | | the victim due to illness. After hearing, the Court determines that |
| 12/18/2000 | | the victim will be unavailable for trial the week of December 18, |
| 12/18/2000 | | 2000. This matter is continued to January 3, 2001 for trial by Order |
| 12/18/2000 | | of Court and by agreement. The Court orders jury to be discharged. |
| 12/18/2000 | | McHugh, J. - R. Tochka, ADA - M. MacDonald, Court Reporter - J. Moss, |
| 12/18/2000 | | Attorney |
| 12/19/2000 | | Jury reports as ordered and after hearing discharged. McHugh, J. - M. |
| 12/19/2000 | | McDonald, Court Reporter |
| 01/03/2001 | | Brought into Court. |
| 01/03/2001 | | ORDERED: Court orders jury of fourteen (14) members impanelled. |
| 01/03/2001 | | Jury of fourteen (14) members impanelled and sworn. Indictment read. |
| 01/03/2001 | | Trial commences. - Gershengorn, J. - R. Tochka, ADA - J. Moss, Atty - |
| 01/03/2001 | | P. Flaherty, CR |
| 01/04/2001 | | Brought into Court. |
| 01/04/2001 | | Trial continues before Gershengorn, J. and panel of fourteen (14) |
| 01/04/2001 | | jurors. - P. Flaherty, CR |
| 01/05/2001 | | Brought into Court. |
| 01/05/2001 | | Trial resumes before Gershengorn, J. and panel of fourteen (14) |
| 01/05/2001 | | jurors. |
| 01/05/2001 | 48 | Deft files Request for Jury Instructions. |
| 01/05/2001 | 49 | Commonwealth files Request for Jury Instructions. |

| 01/05/2001 | 50 | Deft's Motion for a Required Finding of Not Guilty FILED, and after |
| 01/05/2001 | 50 | hearing, DENIED. (Gershengorn, J.) |
| 01/05/2001 | | Defendant's Oral Motion in Limine re: Admissibility of Gun made, and |
| 01/05/2001 | | after hearing, Court declares that any ruling on this motion is not |
| 01/05/2001 | | to be ruled upon as a motion in limine. (See record for reasons |
| 01/05/2001 | | therefore.) Court further defers ruling on this subject matter until |
| 01/05/2001 | | after testimony of defense witness Sherrod Fernandez. (Gershengorn, |
| 01/05/2001 | | J.) - P. Flaherty, CR |
| 01/08/2001 | | Brought into Court. |
| 01/08/2001 | | Panel of fourteen (14) jurors present. Jury instructions given. |
| 01/08/2001 | | Juror Laird Elting (panel #1-1, seat#1) designated by the Court as |
| 01/08/2001 | | foreperson of the jury. |
| 01/08/2001 | | ORDERED: Court orders jury reduced to twelve (12) members. The names |
| 01/08/2001 | | of Kevin Freeley (panel #1-9, seat#4) and Jane Jamet (panel #4-5, |
| 01/08/2001 | | seat#10) designated by lottery to serve as the alternate jurors. Jury |
| 01/08/2001 | | sent to deliberate. |
| 01/08/2001 | 51 | Deft files Motion for Funds for Investigation. |
| 01/08/2001 | | Motion (P#51]) allowed (Gershengorn, J.) |
| 01/08/2001 | | Court allows jurors to separate at 4:05 p.m. and orders jurors to |
| 01/08/2001 | | reconvene at 8:50 a.m. on Tuesday, January 9, 2001. - Gershengorn, J. |
| 01/08/2001 | | - P. Flaherty, CR |
| 01/09/2001 | | Brought into Court. |
| 01/09/2001 | | Panel of fourteen (14) jurors report as directed. Court orders jury |
| 01/09/2001 | | to resume deliberations. |
| 01/09/2001 | | Jury reports deadlock. |
| 01/09/2001 | | Court declares mistrial. |
| 01/09/2001 | | Oral Motion of Defendant for Funds for Transcripts, made, and after |
| 01/09/2001 | | hearing, allowed. (Gershengorn, J.) - R. Tochka, ADA - J. Moss, Atty |
| 01/09/2001 | | - P. Flaherty, CR |
| 01/09/2001 | | Exhibits and Items for Identification returned to ADA R. Tochka. |
| 01/09/2001 | | Jurors discharged. |
| 01/19/2001 | 52 | Deft files Motion for funds for transcript |
| 01/19/2001 | | Motion (P#52) allowed. |
| 02/01/2001 | | Brought into Court. Commonwealth moves for trial. Court orders jury |
| 02/01/2001 | | of fourteen members impanelled, not sworn. Jurors excused and ordered |
| 02/01/2001 | | to report at 9:30 am on 02/02/2001. Spurlock,J- R.Tochka, |
| 02/01/2001 | | ADA-D.Cullinan, Court Reporter-J.Moss, Attorney. |
| 02/02/2001 | | Brought into Court |
| 02/02/2001 | | Jury sworn. Issue read. Trial commence before Spurlock RAJ with 14 |
| 02/02/2001 | | jurors. D. Cullinan Court Reporter |
| 02/05/2001 | | Brought into Court |

| Date | No. | Entry |
|------|-----|-------|
| 02/05/2001 | | Trial continues. Commonwealth rests its case in chief. Defendant's |
| 02/05/2001 | | oral motion for required finding of not guilty is denied without |
| 02/05/2001 | | hearing. |
| 02/05/2001 | | Defendant rests its case. |
| 02/05/2001 | | Motion (P#49) previously filed is allowed in substances. See record |
| 02/05/2001 | | Motion (P#50) which is previously filed is allowed in substances. See |
| 02/05/2001 | | record. |
| 02/05/2001 | | Court orders jury reduced to twelve members and designates jurors |
| 02/05/2001 | | Steve Eliot and Michael Caulfield as alternate jurors. Jury question |
| 02/05/2001 | | #1 mark L for identification. |
| 02/05/2001 | | RE Offense 1:Guilty verdict |
| 02/05/2001 | 53 | Verdict affirmed, verdict slip filed. |
| 02/05/2001 | | RE Offense 2:Guilty verdict |
| 02/05/2001 | 54 | Verdict affirmed, verdict slip filed. |
| 02/05/2001 | | RE Offense 3:Guilty verdict |
| 02/05/2001 | 55 | Verdict affirmed, verdict slip filed. |
| 02/05/2001 | | RE Offense 4:Guilty verdict |
| 02/05/2001 | 56 | Verdict affirmed, verdict slip filed. Commonwealth moves for |
| 02/05/2001 | 56 | sentencing. |
| 02/05/2001 | | Bail set on 01/22/98 revoked and defendant order committed to Common |
| 02/05/2001 | | Jail on a Mittimus without bail. Mittimus issued. D. Cullinan Court |
| 02/05/2001 | | Reporter |
| 02/08/2001 | | Brought into Court |
| 02/08/2001 | | Sentence imposed: Re: Offense #001 MCI Cedar Junction Max Twenty |
| 02/08/2001 | | Years - Min. Nineteen Years. Mittimus issued |
| 02/08/2001 | | Sentence imposed: Re: Offense # 002 MCI Cedar Junction Max Ten Years |
| 02/08/2001 | | - Min Nine Years concurrent with sentence imposed on Offense #001. |
| 02/08/2001 | | Mittimus issued |
| 02/08/2001 | | Sentence imposed: Re: Offense #003 MCI Cedar Junction Max Five Years |
| 02/08/2001 | | and a Min of Four Years concurrent with sentence imposed on offense |
| 02/08/2001 | | #001. Mittimus issued |
| 02/08/2001 | | Sentence credit given as per 279:33A: One thousand ,one hundred and |
| 02/08/2001 | | eleven days |
| 02/08/2001 | | Victim-witness fee assessed: $60.00 |
| 02/08/2001 | | Notified of right of appeal under Rule 64 |
| 02/08/2001 | | Notified of right of appeal under Rule 65 |
| 02/08/2001 | | Sentence imposed: Offense #004 On oral motion of Commonwealth Court |
| 02/08/2001 | | order offense place on file after a verdict guilty, defendant |
| 02/08/2001 | | assenting thereto. |
| 02/08/2001 | 57 | Notice of appeal filed by defendant |
| 02/08/2001 | 58 | Notice of appeal to appellate division for review of sentence filed |

| | | |
|---|---|---|
| 02/08/2001 | 59 | Attorney Moss motion to withdraw his appearance. |
| 02/08/2001 | | Motion (P#59) is allowed . |
| 02/08/2001 | | Committee for Public Counsel Services Private Sector appointed to |
| 02/08/2001 | | represent the defendant. |
| 02/08/2001 | 60 | Deft files motion for funds for investigator. |
| 02/08/2001 | | Motion (P#60) is allowed not to exceed $480.00. Spurlock RAJ - R. |
| 02/08/2001 | | Trochka ADA - D. McLean Court Reporter - J. Moss Attorney |
| 02/08/2001 | | Copy of notice of appeal mailed to Spurlock, RAJ and R.Tochka, ADA |
| 02/08/2001 | | Court Reporter J.Gibbs is hereby notified to prepare one copy of the |
| 02/08/2001 | | transcript of the evidence of October 26, l999 for hearing on Motion |
| 02/08/2001 | | to Suppress before McDaniel,J. |
| 02/08/2001 | | Court Reporter D.Cullinan is hereby notified to prepare one copy of |
| 02/08/2001 | | the transcript of the evidence of February l,2,5,, 2001, for trial |
| 02/08/2001 | | and verdict before Spurlock, RAJ. |
| 02/08/2001 | 61 | Court Reporter D.McLean is hereby notified to prepare one copy of the |
| 02/08/2001 | 61 | transcript of the evidence of February 08, 2001, for disposition |
| 02/08/2001 | 61 | before Spurlock,RAJ Certificate of Clerk-filed.. |
| 02/15/2001 | 62 | Deft files pro se: Appeal from sentence to Massachusetts Correctional |
| 02/15/2001 | 62 | Institution, Cedar Junction (DelVecchio, CJ - Spurlock, RAJ and S. |
| 02/15/2001 | 62 | Stillwell, CPO notified) |
| 03/08/2001 | | Transcript of testimony received from J.Gibbs, Court Reporter. |
| 03/21/2001 | | Victim-witness fee paid as assessed in the amount of $60.00. |
| 04/06/2001 | | Transcript of testimony received from D.McLean, Court Reporter. |
| 02/27/2002 | | Transcript of testimony received from D.Cullinan, Court Reporter. |
| 04/01/2002 | | Transcript of testimony received from D.Cullinan, Court Reporter. |
| 04/16/2002 | | Transcript of testimony received from D.Cullinan, Court Reporter. |
| 05/01/2002 | | Notice sent to attorneys that transcripts are available. |
| 05/14/2002 | 63 | Certificate of delivery of transcript by clerk filed. |
| 05/29/2002 | | Second notice sent to Distirct Attorneys Office that transcripts are |
| 05/29/2002 | | available. |
| 06/04/2002 | 64 | Certificate of delivery of transcript by clerk filed. |
| 06/10/2002 | | Notice of completion of assembly of record sent to clerk of Appeals |
| 06/10/2002 | | Court and attorneys for the Commonwealth and defendant. |
| 06/10/2002 | | Two (2) certified copies of docket entries, original and copy of |
| 06/10/2002 | | transcript, two (2) copies of exhibit list and list of documents,copy |
| 06/10/2002 | | of notice of appeal, each transmitted to clerk of appellate |
| 06/10/2002 | | court.(R.Daly,ADA - R.Tochka,ADA - A.Baccari, Attornsy for the |
| 06/10/2002 | | defendant) |
| 06/12/2002 | | Notice of Entry from the Appeals Court |
| 04/14/2003 | 65 | Rescript received from Appeals Court; judgment AFFIRMED (R. Daly, ADA |
| 04/14/2003 | 65 | and A. Bacari, Attorney notified 4/23/03) |

| 11/05/2004 | 66 | Deft files, pro se, Motion for New Trial, with affidavit of deft in |
| 11/05/2004 | 66 | support thereof |

## Charges

4 Charges for Docket: SUCR1997-10323

| No. | Charge Description: | Indictment: | Status: |
|-----|---------------------|-------------|---------|
| 1 | Assault, armed, intent to murder | SUDA97-10323 | Guilty verdic |
| 2 | Dang weapon, possess/transfr gun/ammo, no ID card | SUDA97-10323 | Guilty verdic |
| 3 | Dang weapon, possess gun, no license, on person/in MV | SUDA97-10323 | Guilty verdic |
| 4 | Assault & battery, dangerous weapon | SUDA97-10323 | Guilty verdic |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.