UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
DARRELL DARBY,                  )
     Petitioner,               )
                                )
     v.                         )   Civ. Action No. 04-11271-NG
                                )
TIMOTHY HALL,                   )
     Respondent.               )
_____)
```
GERTNER, D.J.:

ORDER
June 30, 2006

Petitioner Darrell Darby ("Darby") petitioned for habeas corpus relief.  Respondent Timothy Hall filed a motion to dismiss the petition, on the grounds that Darby had not exhausted his state court remedies.  I dismissed the unexhausted claims and stayed the exhausted ones.  See Order of Oct. 6, 2004. Petitioner has now requested that this Court order the state court to rule on his motion for a new trial.  That motion [document #18] is **DENIED**.

It has come to the Court's attention, however, that the only unexhausted claims stem from petitioner's assertion that he received ineffective assistance of counsel at trial and on appeal because counsel failed to raise a double jeopardy argument. Petitioner argues that his Fifth Amendment rights were violated because after his initial trial, the jury could not reach a verdict, and the judge declared a mistrial.  Thereafter, petitioner was tried a second time and found guilty.

The Supreme Court has clearly ruled that the right to be free from double jeopardy is not violated if a defendant is re-tried following a hung jury.  See Richardson v. United States, 468 U.S. 317, 324 (1984) ("[W]e have constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause. . . . We are entirely unwilling to uproot this settled line of cases.").

In light of this case law, I find it unnecessary to continue to stay the case.  The **STAY IS HEREBY LIFTED**, and the litigation should proceed on the merits of petitioner's exhausted claims.


SO ORDERED.
Date:  June 30, 2006                    /s/NANCY GERTNER, U.S.D.J.