UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DARRELL DARBY,** )<br>        Petitioner, )<br>)<br>v. )<br>)<br>**TIMOTHY HALL,** )<br>        Respondent )<br>)<br>) | Civil Action No. 04-11271-NG |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Darrell Darby.

1. Admitted.

2. Admitted.

3. Admitted. Further answering, the respondent states that the petitioner was sentenced to a state prison term of a minimum of nineteen years and a maximum of twenty years for armed assault with intent to murder; a concurrent state prison term of a minimum of nine years and a maximum of ten years for possession a deadly weapon; along with an additional concurrent state prison term of a minimum of four years and a maximum five years of possession a dangerous weapon without a license. The possession of ammunition without a firearm identification card conviction was placed on file after a guilty verdict.

4. Admitted.

5. Admitted.

6. Admitted.

7.    Admitted.

8.    Admitted.

9(a)-(c).    Admitted. Further answering, the respondent states that the complete citation is *Commonwealth v. Darby,* 57 Mass. App. Ct. 1106, 782 N.E.2d 48 (2003).

9(d).    Admitted. Further answering, the respondent states that the petitioner claimed the following: (1) trial counsel erred in failing to object to the prosecution's questioning of a defense witness regarding a pending criminal charge; (2) the trial court erred in limiting defense counsel's cross-examination of witnesses regarding other possible perpetrators. In his *pro se* brief the petitioner also claimed the following: (a) the sentencing judge lacked impartiality and violated his constitutional right to a fair and impartial trial; (b) trial court's exclusion of evidence that police failed to pursue certain leads was reversible error; and (c) prosecutor's closing argument was likely to amount to a substantial risk of a miscarriage of justice.

9(e)(1)-(3).    Admitted. Further answering, the respondent states that the complete citation is *Commonwealth v. Darby,* 439 Mass. 1102, 786 N.E.2d 394 (2003).

9(e)(4).    Admitted. Further answering, the respondent states that the petitioner claimed the following in his application for further appellate review: (1) trial counsel erred in failing to object to the prosecution's questioning of a defense witness regarding a pending criminal charge; (2) the trial court erred in limiting defense counsel's cross-examination of witnesses regarding other possible perpetrators.

9(f).    Left blank by the petitioner.

10.    Admitted.

11(a)(1-2).    Admitted.

11(a)(3).    Admitted.   Further answering, the respondent states that the petitioner claimed that newly discovered evidence cast doubt on the justice of his convictions, or, in the alternative, that he was denied the effective assistance of counsel.

11(a).   Admitted.

11(b).   Left blank by the petitioner.  Further answering, the respondent states that the petitioner filed a motion for a new trial in Suffolk Superior Court on November 5, 2004, claiming that trial counsel was ineffective by failing to argue the second trial was barred by the principles of double jeopardy, whereby the Commonwealth lacked sufficient evidence establishing how the defendant was a suspect and shooter and appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness in post-conviction motion for new trial.

11(c).   Admitted.

11(d).   Left blank by the petitioner.

12A.    (Ground one). To the extent that paragraph 12A of the petition contains allegations of fact, the respondent states that the state court record speaks for itself.  Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts.  Answering further, the respondent states paragraph 12A contains conclusions of law that require no response.  Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B.    (Ground two). To the extent that paragraph 12B of the petition contains allegations of fact, the respondent states that the state court record speaks for itself.  Further answering, the respondent denies each and every allegation of fact that does not comport exactly

with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

   12C. (Ground three). To the extent that paragraph 12C of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states paragraph 12C contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

   12D. (Ground four). To the extent that paragraph 12D of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Massachusetts Appeals Court's elucidation of the facts. Answering further, the respondent states paragraph 12D contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

   13. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 and calls upon the petitioner to prove same.

   14. Denied.

15. Admitted.

16. Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket Sheets, *Commonwealth v. Darby*, SUCR1997-10323.

2. Docket Sheets, *Commonwealth v. Darby*, Massachusetts Appeals Court No. 2002-P- 0847.

3. Defendant's Brief, *Commonwealth v. Darby*, Massachusetts Appeals Court No. 2002-P- 0847.

4. Defendant's *Pro Se* Brief, *Commonwealth v. Darby*, Massachusetts Appeals Court No. 2002-P- 0847.

5. Commonwealth's Brief, *Commonwealth v. Darby*, Massachusetts Appeals Court No. 2002-P- 0847.

6. *Commonwealth v. Darby*, 57 Mass. App. Ct. 1106, 782 N.E. 2d 48 (2003).

7. Massachusetts Supreme Judicial Court, *Commonwealth v. Darby*, FAR-13219.

8. Petitioner's Application for Leave to Obtain Further Appellate Review.

9. *Commonwealth v. Darby*, 439 Mass. 1102, 786 N.E. 2d 394 (2003). Denial of petitioner's application for leave to further appellate review.

10. Petitioner's Motion for a New Trial, *Commonwealth v. Darby*, SUCR1997-10323.

11. Commonwealth's Opposition to Defendant's Motion for New Trial, *Commonwealth v. Darby*, SUCR1997-10323.

12. Defendant's Supplemental Motion for a New Trial, *Commonwealth v. Darby*, SUCR1997-10323.

13. Defendant's Pro Se Application for Leave to Obtain Further Appellate Review.

### First Defense

The petition for writ of habeas corpus should be dismissed where the petitioner has not exhausted the claims in paragraph .

### Second Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Third Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Fourth Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Fifth Defense**

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: December 27, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 27, 2006.

/s/ Eva M. Badway
Eva M. Badway