UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARRELL DARBY,<br>   Petitioner,<br><br>v.<br><br>TIMOTHY HALL,<br>   Respondent | )<br>)<br>)<br>)<br>)  Civil Action No. 04-11271-NG<br>)<br>)<br>)<br>) |

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF THE SECOND MOTION TO DISMISS**

  This memorandum is submitted in support of the respondent's motion to dismiss this petition for a writ of habeas corpus filed by Darrell Darby (the "petitioner"). As argued in this memorandum, the petition should be dismissed where it contains exhausted claims.[1] *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982).

**PRIOR PROCEEDINGS**

  On February 27, 1997, a Suffolk County grand jury returned indictments charging the petitioner with armed assault with intent to murder in violation M.G.L. c. 265, § 18, assault and battery with a dangerous weapon in violation of M.G.L. c, 265, § 15A, possession of a firearm without a license in violation of M.G.L. c. 269, §10(a) and possession of ammunition with a firearm identification card in violation of M.G.L. c. 269, § 10(h). *See* Respondent's Supplemental Answer, [hereinafter cited as "RSA"], Ex. 1. After a jury trial in Suffolk Superior Court in January of 2001, Massachusetts Associate Justice Wendie L. Gershengorn declared a mistrial after the jurors reported a deadlock. *Id.*

---

[1] In the event this Court declines to dismiss the petition on the ground set forth in this memorandum, the respondents reserve the right, and request the opportunity, to brief the merits of the remaining claim or claims in this petition.

The petitioner was retried before Massachusetts Associate Justice Charles T. Spurlock and a jury in February of 2001. *Id.* After a jury convicted the petitioner on all four counts, Judge Spurlock sentenced him to a state prison term of a minimum of nineteen years and a maximum of twenty years on the armed assault with intent to murder conviction, a committed, concurrent nine-to-ten year term for the assault and battery with a dangerous weapon conviction, and a committed, concurrent four-to-five year term for unlawful possession of a firearm. *Id.* After obtaining the petitioner's consent, Judge Spurlock placed the conviction for possession of ammunition without a firearm identification card on file. *Id.* The petitioner timely appealed. *See* RSA, Ex. 1.

In his appeal to the Massachusetts Appeals Court, the petitioner raised the following claims: (1) trial counsel erred in failing to object to the prosecution's questioning of a defense witness regarding a pending criminal charge; (2) the trial court erred in limiting defense counsel's cross-examination of witnesses regarding other possible perpetrators. *See* RSA, Ex. 3. In his *pro se* brief the petitioner also claimed the following: (a) the sentencing judge lacked impartiality and violated his constitutional right to a fair and impartial trial; (b) trial court's exclusion of evidence that police failed to pursue certain leads was reversible error; and (c) prosecutor's closing argument was likely to amount to a substantial risk of a miscarriage of justice. *See* RSA, Ex. 4. The Massachusetts Appeals Court affirmed the petitioner's convictions. See RSA, Ex. 6, *Commonwealth v. Darby*, 57 Mass. App. Ct. 1106, 782 N.E. 2d 48 (2003).

The petitioner filed an application for leave to obtain further appellate review in the Massachusetts Supreme Judicial Court ("SJC") claiming: (1) trial counsel erred in failing to object to the prosecution's questioning of a defense witness regarding a pending criminal charge;

(2) the trial court erred in limiting defense counsel's cross-examination of witnesses regarding other possible perpetrators. *See* RSA, Ex 8. On April 2, 2003, the SJC denied the petitioner's ALOFAR. *See* RSA, Ex. 9.

On April 25, 2003, the petitioner filed a *pro se* ALOFAR in the SJC claiming that the sentencing judge considered the petitioner's lack of remorse when fashioning the sentence and the Appeals Court wrongly upheld the lower court's restriction on his cross-examination. *See* RSA, Ex. 13. Treating the pro se ALOFAR as a motion for reconsideration, the SJC denied it on June 5, 2003. *See* RSA, Ex. 7.

On June 7, 2004, the petitioner filed the instant petition raising the following claims: (1) the trial judge violated his right to a fair and impartial tribunal by considering his lack of remorse when determining the sentence; (2) the trial judge improperly restricted cross-examination of the Commonwealth's witnesses as to whether another rival gang had shot the victim, whether the petitioner was part of a gang alleged to have shot the victim, and whether the petitioner was "a known associate of the gang identified as being responsible for shooting the victim;" (3) ineffective assistance of trial counsel for failing to object to the prosecutions questioning og a defense witness about pending criminal charges, the trial court's use of his lack of remorse at sentencing, and not pressing a double jeopardy claim based on retrial after a hung jury; and (4) ineffective assistance of appellate counsel for failing to press a double jeopardy claim based upon retrial after a hung jury. *See* Petition at ¶ 12. On July 12, 2004, the respondent filed a motion to dismiss based upon exhaustion, along with a memorandum of law in support thereof. *See* Docket at 3-4. The petitioner opposed the motion to dismiss and filed a motion to stay. *See* Docket at 5-6. On October 6, 2004, this Court allowed the petitioner's motion to stay

the exhausted claims and dismissed the unexhausted claims without prejudice. *See* Docket. On December 1, 2004, this Court lifted the stay. *See* Docket. On December 16, 2004, the petitioner filed a motion to reinstate the stay. *Id.* On January 31, 2005, this Court granted the motion to stay. *Id.* On June 30, 2006, this Court entered an order lifting the stay. *Id.* On December 1, 2006, the petitioner filed a memorandum of law in support of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which briefed the merits of his unexhausted claims and he set forth an additional claim for relief, specifically that this Court's removal of the stay notwithstanding exhaustion was in progress in the state court, constitutes cause allowing the petitioner to have his claims in the habeas petition considered directly by this Court. *See* Petitioner's Memorandum of Law at p. 2. The respondent now files this memorandum of law in support of his second motion to dismiss.

## ARGUMENT

**THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES CONCERNING CLAIMS ONE, TWO, SIX AND SEVEN.**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). Congress codified the exhaustion doctrine in 28 U.S.C. §2254(b), which precludes federal court review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). This longstanding

exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984).

To satisfy the exhaustion requirement, the petitioner bears the heavy burden of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson v. DiPaola*, 131 F.3d at 262 (citations omitted); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), *citing Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). "It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." *Mele v. Fitchburg Dist. Ct.*, 850 F.2d at 820 (citations omitted). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to [this] federal court." *O'Sullivan v. Boerckel*, 526 U.S. at 845.

In his memorandum of law in support of his petition for habeas relief the petitioner claims the following: (1) trial counsel was ineffective by failing to argue the second trial was barred by the principles of double jeopardy, whereby the Commonwealth failed to present

5

sufficient evidence to convict the petitioner at the first trial; (2) appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness in a post-conviction motion for a new trial; (3) the court violated petitioner's right to a fair and impartial tribunal during the sentencing phase; (4) the court violated petitioner's right to effective cross-examination of the Commonwealth's witness; (5) trial counsel was ineffective by failing to object to the Commonwealth's questioning of the petitioner's witness of pending charges; (6) trial counsel's failure to object to the lack of a thorough instruction on honest but mistaken identification amounted to ineffective assistance of counsel; and (7) the federal court's removal of stay notwithstanding exhaustion was in progress in state court constitutes "cause" allowing the petitioner to have his claim raised herein to be considered directly by this Court. *See* Petitioner's Memorandum of Law at p. 1-2. However, the petitioner has failed to exhaust his available state remedies with respect to the claims one, two, six and seven presented in his memorandum in support of his petition for habeas corpus. *See* RSA, Ex. 8 and 13. As set forth above, in his ALOFAR to the SJC the petitioner asserted that (1) trial counsel erred in failing to object to the prosecution's questioning of a defense witness regarding a pending criminal charge; (2) the trial court erred in limiting defense counsel's cross-examination of witnesses regarding other possible perpetrators. *See* RSA, Ex 8. Furthermore, in his motion for reconsideration the petitioner claimed that the sentencing judge considered the petitioner's lack of remorse when fashioning the sentence and the Appeals Court wrongly upheld the lower court's restriction on his cross-examination. *See* RSA, Ex. 13. A review of the petitioner's two ALOFARs clearly demonstrates that the petitioner did not present the SJC with the claims one, two, six and seven of his memorandum of law in support of this petition. *See* RSA, Ex. 8 and 13. Since the petitioner failed to fairly present to the SJC the claims he now

raises in grounds one, two, six and seven in his memorandum in support of his federal habeas petition, that petition should be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

"[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all of the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U. S. at 275, *quoting Darr v. Burford*, 339 U. S. 200, 204 (1950). Since the petitioner failed to properly raise grounds one, two, six and seven of his memorandum in support of his petition to the SJC, he did not afford that court the opportunity to confront -- let alone correct -- his claimed errors. The petitioner "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted). As such, the petition should be dismissed as unexhausted. *See Rose v. Lundy*, 455 U. S. at 518-519; *Picard v. Connor*, 404 U. S. at 276.

If this Court determines that these claims are not exhausted, under 28 U.S.C. § 2254(b)(2), it may only reach the merits of them to deny the writ. *See Adelson v. DiPaola*, 131 F.3d at 264; *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-1243 (10th Cir. 1997). Furthermore, while a stay and abeyance is available in limited circumstances, a petitioner must demonstrate good cause to excuse his failure to exhaust his claims and the claims presented must not be without merit. *See Rhines v. Weber*, 125 S. Ct. 1528, 1534 (March 30, 2005). In the instant case, the petitioner has not demonstrated any cause for his failure to exhaust his claims in state court, and

7

his claims are without merit, thus a stay should not granted. *Id.*

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed as unexhausted.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: December 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 27, 2006.

/s/ Eva M. Badway
Eva M. Badway