UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2007 FEB 27  P 12: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

DARRELL DARBY
    Petitioner,

vs.                               CIVIL ACTION NO. 04-11271-NG

TIMOHY HALL
    Respondent.

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
OPPOSITION TO RESPONDENT'S SECOND MOTION TO DISMISS

The Petitioner adopts the Respondent's prior proceedings as set forth in the Respondent's Memorandum of law in support of Second Motion to Dismiss, at 1-4.

ARGUMENT

I.  THE HABEAS CORPUS PETITION CAN NOT BE DISMISSED, WHERE THE PETITIONER'S UNEXHAUSTED CLAIMS WERE UNDER REVIEW BY THE STATE COURT AT THE TIME THE STAY WAS REVOKED

Recently the Supreme Court had ruled in <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005), that it "would be an abuse of discretion for a district court to (remove) a stay and to dismiss a mixed petition if (1) the petitioner had good cause for failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Id.</u>, at 1535.

1

A.  PETITIONER HAD GOOD CAUSE FOR FAILING TO EXHAUST HIS UNEXHAUSTED CLAIMS

This factor can be met given the Petitioner was diligently pursuing the exhaustion process of this claims with the state court, Only after the Petitioner sought an order of the District Court to compel the state court to rule on the claims, was the motion denied and the stay was removed.

Hence, the failure to exhaust can not be attributed to the Petitioner, and can not be intended to "'trap the unwary pro se prisoner.'" Rose v. Lundry, 455 U.S. 509, 520 (1982); see also Slack v. McDaniels, 529 U.S. 473, 487 (2000).

B.  PETITIONER'S UNEXHAUSTED CLAIMS ARE POTENTIALLY MERITORIOUS

The unexhausted claims presented before the state court have all at one time or another been granted relief for a defendant. Claims one, two, six and seven are as follows:

> (1) Trial counsel was ineffective by failing to argue the second trial was barred by the principles of double jeopardy, if insufficient evidence was presented at the first trial. See Burks v. U.S., 437 U.S. 1 (1978)
>
> (2) Appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness, in a motion for new trial. See Jones v. Barnes, 463 U.S. 745 (1983)
>
> (6) Trial counsel's failure to object to the lack of a thorough instruction on honest but mistaken identification, amounted to ineffective assistance of counsel. See Commonwealth v. Pressley, 390 Mass. 617 (1983)

2

(7) The Federal Court's removal of the stay, notwithstanding exhaustion was in process did constitute good cause to waiving the exhaustion requirements. See <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005)

Hence, there foes exist the possibility that each of the Petitioner's claims on its face, would have been meritorious, meeting the seconf factor in <u>Rhines</u>, <u>supra</u>.

C.  THERE IS NO INDICATION THAT THE PETITIONER ENGAGED IN INTENTIONALLY DILATORY LITIGATION TACTICS

This factor was met years ago, when the Petitioner sought his stay to exahust his unexhausted claims on October 6, 2004, and subsequently filed his claims with the Suffolk Superior Court on November 5, 2004, and supplemental claims on December 22, 2005. See (Respondent's Answer at Exhibit 1, 14 of 15). But here, where the Federal Court have "competing interests in finality and speedy resolution of federal petitions." <u>Rhines</u>, <u>supra</u> at 1535. It does not outweigh "the petitioner's interest in obtaining federal review of his claims." <u>Ibid</u>.

Hence, the Petitioner has not engaged in <u>any</u> intentional dilatory litigation tactics.

## CONCLUSION

Wherefore, Petitioner request the Respondent's Second motion to dismiss is DENIED.

3

Respectfully submitted,
By the Petitioner



Darrell Darby, pro se
MCI-Cedar Junction
Post Office Box 100
S. Walpole, MA 02071


Dated: 02/22/07

## CERTIFICATE OF SERVICE

I, hereby certify that I have caused the foregoing MEMORANDUM OF LAW in this matter to be served upon the Respondent's Counsel, on this 22 day of February, 2007.

Darrell Darby, pro se

4