UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 JUN 22 P 12: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

Darrell Darby,

    Petitioner,

v.

Timothy Hall,

    Respondent.

Civil Action
No. 04-11271-NG

PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD IN ABEYANCE UNTIL HE EXHAUST HIS STATE REMEDIES

Now comes the petitioner in the above-entitled matter moves this Honorable Court to stay proceedings and to hold in abeyance until he exhaust the "Honest but Mistaken Identity" issue outlined in argument 7 of the petition. In support of this motion, the petitioner states:

    1. In <u>Palmer v. Carlton</u>, 276 F.3d 777 (6th Cir. 2002), the Court took judicial notice of the analysis put forth by Justice Stevens in <u>Duncan v. Walker</u>, 121 S.Ct. 2120 (2001), in which Justice Souter joined, that "Congress... overlooked the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not

-2-

been exhausted." Id. at 2130. To circumvent this anamoly, Justice Stevens recommended two alternative courses of action a district court might undertake. First, Justice Stevens suggested that district courts implement a stay over habeas proceedings until exhausted claims are addressed in state courts. See Palmer v. Carlton, 276 F.3d at 780-781. The First Circuit has approved a "stay and abeyance" procedure to protect habeas petitioners from losing their right to be heard on a "properly filed" and "timely filed" § 2254 petition. See, e.g., Neverson v. Farquharson, 366 F.3d 32, 42-43 (1st Cir. 2004). The First Circuit in particular has strongly recommended this practice, particularly where dismissal might result in prejudice... Id. at 42-43; Delaney v. Matesanz, 264 F.3d 7, 14 n.5 (1st Cir. 2001).

    Here the petitioner is in the process of filing a new trial motion with the state court to exhaust his "Honest but Mistaken Identification" charge violation that was identified by the respondent in their motion to dismiss. Granting this motion will not prejudice the respondent, however, it will assure that justice is done under the constitution.

    2. The petitioner is not trying to abuse the writ

-3-

and will provide this court with a status report every 30 days to keep this court apprised of the developments in his state court proceedings during exhaustion. The petitioner is honestly and diligently pursuing his state collateral attack on his unexhausted claims, and requests further permission from this court to do so without fear of losing his right later to be heard on the issues in his § 2254 petition.

Wherefore, the petitioner prays that this Honorable Court allows this motion.

Dated: 06/20/07

Respectfully Submitted,

Darrell Darby, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

CERTIFICATE OF SERVICE

I, Darrell Darby, certify that I caused a true copy to be served on Eva M. Badway, Asst. Atty. General, One Ashburton Place, Boston, Ma. 02108, by first class mail, postage prepaid.

Dated: 06/20/07

Darrell Darby, Pro se