## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**DARRELL DARBY,** )
         **Petitioner,** )
)
**v.** )       **Civil Action No. 04-11271-NG**
)
**TIMOTHY HALL,** )
         **Respondent** )
_____)

### RESPONDENT'S OPPOSITION TO
### PETITIONER'S SECOND MOTION TO STAY

The respondent in the above-captioned case hereby opposes petitioner's second motion to stay the petition for habeas corpus. The Supreme Court has explained that while a stay and abeyance is available in limited circumstances, a petitioner must demonstrate good cause to excuse his failure to exhaust his claims and the claims presented must not be without merit. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). In the instant case, the petitioner simply has failed to demonstrate good cause to excuse his failure to exhaust his claim in state court.

### PRIOR PROCEEDINGS

On February 27, 1997, a Suffolk County grand jury returned indictments charging the petitioner with armed assault with intent to murder in violation M.G.L. c. 265, § 18, assault and battery with a dangerous weapon in violation of M.G.L. c, 265, § 15A, possession of a firearm without a license in violation of M.G.L. c. 269, §10(a) and possession of ammunition with a firearm identification card in violation of M.G.L. c. 269, § 10(h). *See* Respondent's Supplemental Answer, [hereinafter cited as "RSA"], Ex. 1. After a jury trial in Suffolk Superior Court in January of 2001, Massachusetts Associate Justice Wendie L. Gershengorn declared a

mistrial after the jurors reported a deadlock.  *Id.*

The petitioner was retried before Massachusetts Associate Justice Charles T. Spurlock and a jury in February of 2001.  *Id.*  After a jury convicted the petitioner on all four counts, Judge Spurlock sentenced him to a state prison term of nineteen to twenty years on the armed assault with intent to murder conviction, a concurrent nine-to-ten year term for the assault and battery with a dangerous weapon conviction, and a concurrent four-to-five year term for unlawful possession of a firearm.  *Id.*  After obtaining the petitioner's consent, Judge Spurlock placed the conviction for possession of ammunition without a firearm identification card on file.  *Id.*  The petitioner timely appealed.  *See* RSA, Ex. 1.

In his appeal to the Massachusetts Appeals Court, the petitioner raised the following claims: (1) trial counsel erred in failing to object to the prosecution's questioning of a defense witness regarding a pending criminal charge; (2) the trial court erred in limiting defense counsel's cross-examination of witnesses regarding other possible perpetrators.  *See* RSA, Ex. 3. In his *pro se* brief the petitioner also claimed the following: (a) the sentencing judge lacked impartiality and violated his constitutional right to a fair and impartial trial; (b) trial court's exclusion of evidence that police failed to pursue certain leads was reversible error; and (c) prosecutor's closing argument was likely to amount to a substantial risk of a miscarriage of justice.  *See* RSA, Ex. 4.  The Massachusetts Appeals Court affirmed the petitioner's convictions. *See* RSA, Ex. 6, *Commonwealth v. Darby*, 57 Mass. App. Ct. 1106, 782 N.E. 2d 48 (2003).

The petitioner filed an application for leave to obtain further appellate review in the Massachusetts Supreme Judicial Court ("SJC") claiming: (1) trial counsel erred in failing to object to the prosecution's questioning of a defense witness regarding a pending criminal charge;

(2) the trial court erred in limiting defense counsel's cross-examination of witnesses regarding other possible perpetrators. *See* RSA, Ex 8.   On April 2, 2003, the SJC denied the petitioner's ALOFAR. *See* RSA, Ex. 9.

On April 25, 2003, the petitioner filed a *pro se* ALOFAR in the SJC claiming that the sentencing judge considered the petitioner's lack of remorse when fashioning the sentence and the Appeals Court wrongly upheld the lower court's restriction on his cross-examination. *See* RSA, Ex. 13.   Treating the *pro se* ALOFAR as a motion for reconsideration, the SJC denied it on June 5, 2003.   *See* RSA, Ex. 7.

On June 7, 2004, the petitioner filed the instant petition raising the following claims: (1) the trial judge violated his right to a fair and impartial tribunal by considering his lack of remorse when determining the sentence; (2) the trial judge improperly restricted cross-examination of the Commonwealth's witnesses as to whether another rival gang had shot the victim, whether the petitioner was part of a gang alleged to have shot the victim, and whether the petitioner was "a known associate of the gang identified as being responsible for shooting the victim;" (3) ineffective assistance of trial counsel for failing to object to the prosecutions questioning of a defense witness about pending criminal charges, the trial court's use of his lack of remorse at sentencing, and not pressing a double jeopardy claim based on retrial after a hung jury; and (4) ineffective assistance of appellate counsel for failing to press a double jeopardy claim based upon retrial after a hung jury.   *See* Petition at ¶ 12.   On July 12, 2004, the respondent filed a motion to dismiss for failure to exhaust, along with a memorandum of law in support thereof.   *See* Docket at 3-4.   The petitioner opposed the motion to dismiss and filed a motion to stay.   *See* Docket at 5-6.   On October 6, 2004, this Court allowed the petitioner's motion to stay

3

the exhausted claims and dismissed the unexhausted claims without prejudice. *See* Docket.   On December 1, 2004, this Court lifted the stay. *See* Docket. On December 16, 2004, the petitioner filed a motion to reinstate the stay. *Id.*  On January 31, 2005, this Court granted the motion to stay. *Id.*  On June 30, 2006, this Court entered an order lifting the stay. *Id.*  On December 1, 2006, the petitioner filed a memorandum of law in support of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he briefed the merits of his unexhausted claims and set forth an additional claim for relief, specifically that this Court's removal of the stay notwithstanding the fact that exhaustion was in progress in the state court, constitutes cause allowing the petitioner to have his claims in the habeas petition considered directly by this Court. *See* Petitioner's Memorandum of Law at p. 2.  On December 27, 2006, the respondent filed a second motion to dismiss, along with a memorandum of law in support thereof.  On February 27, 2007, the petitioner filed an opposition to the motion to dismiss.  On June 20, 2007, the petitioner filed an additional motion for a stay that the respondent hereby opposes.

## THE PETITIONER'S SECOND MOTION TO STAY SHOULD BE DENIED WHERE THE PETITIONER FAILED TO DEMONSTRATE GOOD CAUSE TO EXCUSE HIS FAILURE TO PROPERLY EXHAUST HIS CLAIMS DURING THE FIRST STAY.

The petitioner has requested a second stay of these proceedings. *See* Petitioner's June 20, 2007, Motion for A Stay.  As the First Circuit recently explained, prior to Congress revising habeas corpus as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Supreme Court held that federal district court could not adjudicate a mixed habeas corpus petition. *See Josselyn v. Dennehy*, 475 F.3d 1, 4 (1st Cir. 2007), *citing Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Congress maintained the "total exhaustion" requirement for post-AEDPA

4

petitions. *Id.*, citing 28 U.S.C. §2254. Additionally, AEDPA also contains a one-year statute of limitations for the filing of fully exhausted claims in a federal habeas petition. *See Josselyn v. Dennehy*, 475 F.3d at 4, citing 28 U.S.C. § 2254 (b)(1)(A) and 28 U.S.C. § 2244(d). AEDPA does not provide for the tolling of the limitations period while a mixed habeas petition was pending in federal court. *See Josselyn v. Dennehy*, 475 F.3d at 4, *citing Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The combined effect of these provisions has caused difficulties for the filers of mixed petitions. *Id.*

In *Rhines v. Weber*, 544 U.S. 269, 275 (2005), the Supreme Court approved a "stay and abeyance" procedure to remedy this problem. Under this procedure, rather than dismissing a mixed petition under *Lundy*, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. *Id.* Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. *Id.* While a stay and abeyance is available in limited circumstances, a petitioner must demonstrate good cause to excuse his failure to exhaust his claims, the claims presented must not be without merit, and there must be no indication that the petitioner engaged in intentionally dilatory practices. *See Rhines v. Weber*, 544 U.S. at 277. Staying a federal habeas petition frustrates the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. *Id.* "It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.*

In the instant case, the petitioner's first motion for a stay was granted and he was allowed the opportunity to return to state court. *See* Docket at 9. In his second motion for a stay, the

petitioner states that he would like to exhaust the "honest but mistaken identity" issue of his

petition, but offers no explanation as to why he did not exhaust the claim during the initial stay.

*See* Petitioner's Second Motion to Stay.  As explained above, according to *Rhines*, the petitioner

must demonstrate good cause to excuse his failure to exhaust his claims.  *See Rhines v. Weber*,

544 U.S. at  277.   This he cannot do, particularly because already he was given an opportunity to

return to state court to exhaust his state court claims.   In fact, it appears as though the petitioner

is engaged in intentionally dilatory practices. *See Rhines v. Weber*, 544 U.S. at  277.  The second

motion for a stay should be denied.

## CONCLUSION

For the reasons set forth above, the motion for a stay should be denied

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
Dated:  September 6, 2007          BBO # 635431

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
on September 6, 2007.

/s/ Eva M. Badway
Eva M. Badway